## Case No. 15,223.

### UNITED STATES v. GOLDBERG et al.

[7 Biss. 175.] [1]

Circuit Court. E. D. Wisconsin. May, 1876.

CONSPIRACY — PROOF — TIME — TESTIMONY OF ACCOMPLICES—ACTS OF CO-CONSPIRATORS.

1. A mere agreement or combination to effect an unlawful purpose, not followed by any act done by either of the parties to carry into execution the object of the conspiracy, does not constitute the offense of conspiracy.

2. To establish the guilt of a party accused of this crime it must be proved: That the conspiracy was formed to commit the offense described in the indictment. That the accused were parties to the conspiracy. That to effect the object of the conspiracy, one or more of the parties thereto did one or more of the acts alleged.

3. An act done by only one of the parties to effect the object. binds each and all the parties to the conspiracy and completes the offense as to all: for in that case the act of one becomes the act of all.

4. It is not essential that the conspiracy be shown to have been formed at the precise time or times alleged in the indictment.

5. Circumstantial evidence may be sufficient to prove a conspiracy.

6. Testimony of accomplices, though competent. should be received and scrutinized with great caution.

7. A mere intention to form a conspiracy, or a mere solicitation to others to unite in a projected conspiracy. does not constitute the offense.

8. When the existence of the conspiracy and the connection of the defendant therewith is established by independent evidence. he is bound by the acts and declarations of his co-conspirators.

9. The law of conspiracy fully discussed.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

Indictment for conspiracy.

J. C. McKinney and L. S. Dixon, for the United States.

N. S. Murphey and G. B. Goodwin, for defendants.

DYER, District Judge (charging jury). Gentlemen:—It is charged in the first count of the indictment, that on the 24th day of July, 1875, the defendants Philip Goldberg, Julius Jonas and A. M. Crosby, conspired together to wilfully take and carry away, with intent to steal and destroy, certain papers, documents and records known as "Returns of Gaugers of Spirits," form 59, and as "Rectifier's Notice of Intention to Rectify," form 122, and other papers and documents then filed and deposited with John M. Hedrick, a supervisor of internal revenue of the United States.

As acts to effect the object of this alleged conspiracy it is charged in this count, that on the 25th of July, 1875, the defendants Philip Goldberg and Julius Jonas, at Milwaukee, asked and demanded from Leopold Wirth, Henry Schanfield, Louis Rindskopf, William Bergenthal, Samuel Rindskopf, and Robert Kiewert, $50,000 with which to hire and induce certain persons to steal, take and carry away the said papers, documents and records; and that on the 26th of July, 1875, the defendants Philip Goldberg and Julius Jonas, at Milwaukee, did meet, consult and confer together, and with Leopold Wirth, Louis Rindskopf, William Bergenthal, and other persons, to devise plans and means to steal, take and destroy said papers, documents and records, and traveled from Milwaukee to Chicago, and on the 29th of July, 1875, returned from Chicago to Milwaukee, and on that day at Milwaukee consulted and conferred with Samuel Rindskopf as to the means to be adopted to take and carry away from the possession of John M. Hedrick said papers, documents and records.

The second count charges a conspiracy formed July 28, 1875, to wilfully take and carry away, with intent to steal and destroy, certain papers, documents and records in form required by regulations prescribed by the commissioner of internal revenue, and filed and deposited in the office of the collector of internal revenue for this district, which papers and documents were known as "Rectifier's Notice of Intention to Rectify," designated as form 122, a large number of which were given and made to the collector by Aaron Schœnfeld, as a rectifier, and a large number of which were given and made by Samuel, Elias, Jacob and Max Rindskopf, as rectifiers of distilled spirits to the collector.

As overt acts to effect the object of the alleged conspiracy it is charged in this count, that on the 28th of July, 1875, at Milwaukee, the defendants met, conferred and consulted with Samuel Rindskopf, Leopold Wirth, Henry Schanfield, William Bergenthal, and Louis Rindskopf, as to the mode and manner in which the papers, documents and records could be taken and carried away; and asked and demanded from those parties $50,000 as a reward for taking and carrying away the papers, documents and records, and proceeded to Chicago for the purpose of meeting and consulting with Louis Rindskopf, Leopold Wirth and Robert Kiewert, as to the means to be adopted; and at Chicago did meet and confer with those parties, and there devised opportunities and means to take and carry away the papers, documents and records, and on the 29th of July, 1875, proceeded from Chicago to Milwaukee for the purpose of taking and carrying the same away.

The third count charges a similar conspiracy, as formed July 28, 1875, to take and carry away with intent to steal and destroy, papers, documents and records, which were deposited with John M. Hedrick, supervisor of internal revenue, and which purported to be returns of spirits gauged by William H. Roddis in April, 1875, and in form required by regulation prescribed by the commissioner of internal revenue, and designated as form 59; also other papers, documents and records deposited with John M. Hedrick, supervisor, relating to the business of Simon Meyer, Aaron Schœnfeld, and of Samuel, Elias, Jacob and Max Rindskopf, as rectifiers, and to the business of other persons who were rectifiers in this collection district; also other papers, documents and records filed and deposited in the office of the collector of internal revenue, purporting to be returns of gaugers of spirits, designated as form 59, and filed and deposited in said office by John E. Fitzgerald, John S. Taft and William H. Roddis, as internal revenue gaugers, and other papers, documents and records deposited in the collector's office, and all of which were required by law and regulation to be there filed and deposited, and related to the business of certain persons who carried on the business of rectifiers of distilled spirits in the first collection district, in the months of March and April, 1875.

As acts to effect the object of the conspiracy, it is alleged in this count that on the 29th of July, 1875, at Milwaukee, the defendants asked and demanded from Leopold Wirth, Henry Schanfield, Louis Rindskopf, William Bergenthal, Samuel Rindskopf, and Robert Kiewert, the sum of $50,000, with which to hire and induce certain persons to steal, take and carry away said papers, documents and records.

It is also charged that on the 30th of July, 1875, the defendants at Milwaukee met, consulted and conferred together, and with Leopold Wirth, Louis Rindskopf, William Bergenthal and other persons, to devise plans and means to accomplish the object of the alleged conspiracy, and traveled from Milwaukee to Chicago and returned from Chicago to Milwaukee, and there consulted and conferred with Samuel Rindskopf, as to the means to be

adopted to take and carry away the said papers, documents and records.

This is the substance of the several counts of this indictment, and I have thus particularly called your attention to the allegations of each count, because it is important that they be borne in mind by you in considering the evidence.

By section 5403 of the statutes of the United States, it is made an offense for any person to wilfully destroy, or attempt to destroy, or, with intent to steal or destroy, to wilfully take and carry away any paper, document or record filed or deposited in any public office, or with any public officer.

Section 5440 of the statutes provides that if two or more persons conspire to commit any offense against the United States, and one or more of such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable to certain punishment.

The charge in this indictment then is the formation of such a conspiracy as is made punishable by section 5440, namely: a conspiracy to commit an offense against the United States, which offense is that named in section 5403. The question, therefore, to be determined in this case is, was the alleged conspiracy formed by any two of the defendants to wilfully take and carry away, with intent to steal or destroy, the papers, documents and records mentioned in the indictment, or any of them; and if such conspiracy was formed, did any or either of the parties thereto, to effect the object of the conspiracy, do either or any of such of the acts charged in the indictment as constitute acts to carry into effect such object?

This indictment is against three defendants. The present trial, however, does not, and your verdict will not, include the defendant Crosby. The defendants Philip Goldberg and Julius Jonas only are now upon trial. As I have stated, the charge is one of conspiracy; that the defendants conspired to commit a certain offense against the United States. The questions, therefore, requiring your attention, to state them more explicitly, and in proper order, are these:

1. Was there such a conspiracy as is alleged in any or either of these three counts, and if there was, were the defendants Goldberg and Jonas, or either of them connected with the conspiracy?

2. If such a conspiracy was formed and existed, were any or either of such of the acts charged in the indictment as constitute acts to carry into effect the object of the conspiracy, committed as alleged?

I direct your attention, first, to what is essential to constitute a conspiracy. A conspiracy is formed when two or more persons agree together to do an unlawful act—in other words, when they combine to accomplish, by their united action, a criminal or unlawful purpose; and the statutory offense is consummated when such agreement is made, or such combination is entered into, and one or more of the parties does any act to effect the object of such conspiracy. If two or more persons agree together that they will commit a certain offense against the United States, as that they will enter a public office of the United States, and take and carry away papers and records there deposited, with intent to steal or destroy them, and one or more of the persons so agreeing does any act to effect the object of such agreement, they are guilty of the offense of conspiracy.

It is not necessary, to constitute a conspiracy, that two or more persons should meet together, and enter into an explicit or formal agreement for an unlawful scheme, or that they should directly by words or in writing, state what the unlawful scheme is to be, and the details of the plan or means by which the unlawful combination is to be made effective. It is sufficient if two or more persons, in any manner or through any contrivance, positively or tacitly, come to a mutual understanding to accomplish a common and unlawful design. U. S. v. Babcock [Case No. 14,487].

Of course, a mere discussion between parties about entering into a conspiracy, or as to the means to be adopted for the performance of an unlawful act, does not constitute a conspiracy, unless the scheme or some proposed scheme is in fact assented to—concurred in by the parties in some manner, so that their minds meet for the accomplishment of the proposed unlawful act.

As I shall have occasion hereafter more fully to state to you, a mere agreement or combination to effect an unlawful purpose, not followed by any act done by either of the parties to carry into execution the object of the conspiracy, does not constitute the offense. There must be both the corrupt agreement or combination, and an act or acts done by one or more of the parties to effect the illegal object or design agreed upon, to make the punishable offense under the statute. Where there is an attempted attainment of an unlawful end by two or more persons, who are actuated by a common design of accomplishing that end, and who in any way, and from any motive, or upon any consideration, work together in furtherance of the unlawful scheme, each one of the persons becomes a member of the conspiracy.

To establish the guilt of the defendants on trial you must be convinced upon the testimony, that a conspiracy was formed, as alleged, to commit the offense against the United States, which is particularly described in the indictment; that these defendants, Goldberg and Jonas, were parties to that conspiracy, if any; and that to effect the object of such conspiracy, one or more of the parties thereto did one or more of such of the acts alleged in the indictment as constitute an act or acts to effect the object.

It is not essential that the alleged con-

spiracy be shown to have been formed at the precise time or times stated in the several counts of this indictment. It is sufficient, so far as time is concerned, if it be shown that at about the time or times charged. there was a conspiracy between any two or more of the persons who are alleged to have conspired together to wilfully take and carry away, with intent to steal or destroy, any of the papers, documents or records mentioned in the indictment.

To establish a conspiracy, it is not, as I have already said, necessary that there should be "an explicit or formal agreement for an unlawful scheme" between the parties, nor is it essential that direct proof be made of an express agreement to do the act forbidden by the law. It is as competent to prove an alleged conspiracy by circumstances as by direct evidence.

In prosecutions for criminal conspiracies, the proof of the combination charged must almost always be extracted from the circumstances connected with the transaction, which forms the subject of the accusation. Whart. Cr. Law, § 235.

The understanding, combination or agreement between the parties in the given case, to effect the unlawful purpose charged, must be proved, because without the corrupt agreement or understanding, there is no conspiracy, but, as I have just said, circumstantial evidence may be resorted to, to show the agreement or conspiracy. The acts of parties in the particular case, the nature of those acts, their declarations and statements, whether verbal or in writing, and the character of the transactions or series of transactions with the accompanying circumstances, as the evidence may disclose them, should be investigated and considered, as sources from which evidence may be derived of the existence or non-existence of an agreement which may be express or implied to do the alleged unlawful act. The government here affirms the formation and existence of a conspiracy to commit a particular offense against the United States, and that these defendants were parties to such conspiracy. The burden is therefore upon the government to prove what it thus affirms by legal and competent evidence, in order to ask a verdict in its favor.

Now I have said to you, that to constitute the offense which is made punishable by the statute, there must be not only the conspiring together by the parties, but the formation of the conspiracy must be followed by an act done by one or more of the parties to the conspiracy to effect its object. At common law it was an offense for two or more persons to merely confederate and combine together by concerted means to do that which is unlawful or criminal. But in settling the criminal liability of these parties, we have to be governed by the statute; and as, in order to convict, the statutory offense must be proved, it is not sufficient to show merely that a conspiracy was formed. Persons may conspire together to commit an offense against the United States; the conspiring together may be complete, yet if the proceeding stops with the mere agreement, and no act is done to carry into effect the object of the agreement or conspiracy, no criminal offense has been committed. Acts and deeds are the subject of human laws, not mere thoughts and intents unless accompanied by acts, and the theory of the law is, that when persons merely form a conspiracy and there pause in their proceeding, and do no act to effect its object, they are to be regarded as having repented of the act of conspiring, and are not to be punished for that alone. But the moment any act is done to effect the object of a conspiracy, that moment criminal liability is fixed; and this act to effect the object, though it be done by only one of the parties, binds each and all the parties to the conspiracy and completes the offense as to all, for in that case the act of one becomes the act of both or all. So, gentlemen, if you should find that the defendants conspired together as charged in the indictment, to wilfully take and carry away these papers, records and documents with intent to steal or destroy the same. you will then inquire whether the defendants or either of them, did any or either of such of the acts charged in the indictment as constitute acts to effect the object of the conspiracy.

The act must be one, you will observe, to effect the object of the conspiracy. That must be the character of the act. It must not be an act which is part of the conspiracy —it must not be one of a series of acts constituting the agreement or conspiring together, but it must be a subsequent, independent act following a completed conspiracy, and done to carry into effect the object of the original combination. To illustrate, two persons conspire to take the life of another. It is agreed that it shall be done. The conspiracy is complete, but there is yet wanting the act to effect the object of the conspiracy. One of the parties purchases or procures the weapon with which to do the deed; there you have an act to effect the object, and the punishable offense is fully committed. So if the parties subsequent to the formation of a complete conspiracy, following it up and as independent acts, hold consultations between themselves and others as to the means to be employed to carry the conspiracy into effect, or go from place to place and confer about and arrange as to the particular means or instrumentalities that shall be used or employed to effect the object of the conspiracy, these constitute acts to effect such object.

Now. if there was this alleged conspiracy, there must be proved such acts to effect its object as are alleged. Some one or more of the overt acts charged in the indictment must be proven, in order to sustain a

conviction, and the acts as proven, if any, must be acts to effect the object of the conspiracy. There are three general classes of overt acts charged:

1. Demands of money with which to hire and induce certain persons to take, carry away and steal the papers and records in question, and as a reward for taking and carrying the same away

2. Journeys from Chicago to Milwaukee and from Milwaukee to Chicago for the purpose of holding conferences and consultations with parties named in the indictment, to devise means and opportunities 'to take and carry away the papers, records, etc.; and in the second count, there is an allegation of a journey from Chicago to Milwaukee for the purpose of taking and carrying away the papers.

3. Consultations and conferences with the persons named in the indictment as to the mode and manner in which and to devise means and opportunities by which the papers, documents and records could be taken and carried away.

The simple question upon this branch of the case is, were any or either of these acts done, by any or either of the defendants, and if so, were they acts independent of and to carry into effect a completed conspiracy formed by the defendants to take and carry away with intent to steal or destroy the papers, documents and records in question? Upon all the evidence and upon all the circumstances as disclosed to you, you are to determine the question.

I have stated to you, gentlemen, the general rules and principles upon the subject of conspiracy and overt acts, applicable to this case. There are some more particular considerations, to which I now direct your attention.

The offense charged, is a conspiracy to take and carry away with intent to steal or destroy the papers, records and documents mentioned. It is this conspiracy, therefore, that it is incumbent upon the prosecution to prove. Proof of a combination for any other purpose is not sufficient. Proof of a scheme to obtain by consent of a public officer having them in his custody, access to and inspection of the papers, documents and records, would not meet the requirements of this indictment, unless there was the purpose to take and carry away with intent to steal or destroy such papers and records.

It is claimed by the prosecution that the alleged conspiracy was formed by and between the three defendants Goldberg, Jonas and Crosby; that it was not a conspiracy between those defendants and the Milwaukee parties, but that first the conspiracy was formed between those defendants, and then, that what transpired between them or any of them and the Milwaukee parties, were acts to effect the object of a previously formed conspiracy.

It is claimed on the part of the defense that there was no such previously formed and completed conspiracy, and that what took place between the defendants and the Milwaukee parties were not acts to carry into effect any such conspiracy; that whatever was said or transpired between the defendants and the Milwaukee parties was but part and parcel of an incomplete, unperfected transaction between the defendants and persons in Milwaukee, and before completed was wholly abandoned. On this subject I charge you that if you find from the evidence that the alleged demands of money, conferences, consultations and journeys, if made and had, were part and parcel of an uncompleted transaction, combination or arrangement between the defendants and the Milwaukee parties, and were not preceded by such a perfected conspiracy between the defendants as is alleged, then such demands, conferences, consultations and journeys, if any, did not, nor did either of them have the necessary character of overt acts, and the offense charged is in that event not established. Further, if you find from the evidence that up to the time of the alleged meeting of one or more of the defendants with the Milwaukee parties, no conspiracy had been formed as alleged between the defendants, and you find that the defendants had one or more consultations with some, or any of the Milwaukee parties, wherein the project of stealing or destroying the papers and documents described in the indictment was talked over with a view to forming such conspiracy, but that the scheme was for any cause then abandoned, and no agreement, combination or understanding was made or concluded by and between the defendants or any two of them, to take and carry away said papers and documents with intent to steal or destroy the same, then and in that case no conspiracy is proven, and your verdict should be for defendants. A mere intention to form a conspiracy, or a mere solicitation to others to unite in a projected conspiracy, when as yet no conspiracy has been formed, does not meet the requirements of the law.

But if the defendants, or any two of them, formed a conspiracy to take and carry away these papers, documents and records, with intent to steal or destroy the same, and if upon the complete formation of such a conspiracy by and between themselves, either of the defendants made the journeys or demands of money, or held the consultations and conferences alleged, as acts to effect the object of a previously formed conspiracy, then the offense as charged was committed.

As the defendants on trial are indicted for conspiracy with another person named in the indictment to take and carry away the papers and records in question, with intent to steal and destroy the same, it is clear that the charge implies that they knew there

was such a conspiracy, and with such knowledge became parties to the unlawful scheme, and the alleged guilty participation must be proved by the government. Guilty connection with a conspiracy may be established by showing association by the person accused, with others, in and for the purpose of the prosecution of the illegal object. Each party must be actuated by an intent to promote the common design; but each may perform separate acts or hold distinct relations in forwarding that design.

If two persons pursue by their acts the same object, one performing one act or part of an act, and the other another act or another part of the same act, so as to complete it with a view to the attainment of the object they are pursuing, the jury are at liberty to draw the conclusion that they have been engaged in a conspiracy to effect the object. 3 Archb. Cr. Prac. 622.

Co-operation in some form must be shown. There must be intentional participation in the transaction with a view to the furtherance of the common design and purpose. If parties in any manner work together to advance the unlawful scheme, having its promotion in view, and "actuated by the common purpose of accomplishing the unlawful end," they are conspirators. If a person, understanding the unlawful character of a transaction, encourages, advises, or in any manner, with a view to forwarding the enterprise or scheme, assists in its prosecution, he becomes a conspirator. Upon this subject I charge you in substance as asked by the defendants' counsel as to the defendant Jonas, that if you find from the evidence that a conspiracy was formed, as alleged, between the other defendants, but that the prosecution has failed to prove that the defendant Jonas intentionally participated in the transaction, knowing it to be such conspiracy, and with a view to the advancement of the common design, then your verdict as to him should be not guilty. As to both defendants on trial, it must be shown by the evidence (beyond reasonable doubt) that they knowingly and designedly assented to and united in the unlawful combination charged, if any such existed, in order to make them parties thereto; and the fact upon this branch of the case you must determine upon all the evidence before you.

Now I have said that in determining the question of the formation or existence of a conspiracy, the acts and declarations of the persons accused may, among other circumstances, be looked to and considered by the jury. Statements of one and in some instances of two of the defendants in the absence of the other defendant, and conversations with some of the witnesses, on the part of one or more of the defendants in the absence of the other, have been given in evidence. The individual letters and telegrams of the different defendants have also been introduced. It is proper that I should say to you that this evidence was admitted as bearing upon the question of the existence of a conspiracy and its nature, if any there was, and as shedding light upon the relation of the person so speaking to the transaction. These declarations, statements and communications were and are admissible as bearing upon the question of the existence of the alleged conspiracy, and as touching the alleged connection of the persons making the same therewith. If a conspiracy be shown to exist, the question then follows, were the defendants on trial, or either of them, connected with that conspiracy as parties thereto. To establish the connection of either of the defendants therewith, such connection must be shown, by facts or circumstances, independent of the declarations of others, or by his own acts, conduct or declarations. And until this fact is thus established, he is not to be bound by the declarations or statements of others. The principle of law and rule of evidence is that when once a conspiracy or combination is established, and a defendant's connection therewith is shown by independent evidence, then he is bound by the acts, declarations and statements of his co-conspirators, because in that event each is deemed to assent to or command what is done by any other in furtherance of the common object. 1 Whart. 702.

So in considering the testimony given as to the acts, declarations and statements of either one of the defendants when the other defendant or defendants was or were not present, you are to understand that that testimony was submitted to you for the purpose of showing in the first instance that there was a conspiracy formed and existing, and that the person or persons making the declarations, statements and communications were parties to it; that the alleged connection of any one of the defendants with the alleged conspiracy, if any existed, must be shown by facts or circumstances independent of statements of other defendants in his absence, and that when once that connection be thus shown, then he becomes affected and bound by the declarations and acts of other parties to the conspiracy, if any, made and done in the course of the prosecution of or pending the enterprise and during his connection therewith.

If you should believe from the evidence that any project was discussed or even a combination was formed by the defendants or any two of them to take and carry away with intent to steal or destroy the papers and records described in the indictment, and that such project or combination was wholly abandoned by the defendants before any act done to effect its object, then you should disregard and should not consider any statement, declaration or act of any one of the defendants as affecting either of the others made or done after such abandonment.

So, too, if you should find as a fact such abandonment under the circumstances just stated, and that thereafter Samuel Rinds-

kopf individually employed the defendant Crosby to procure abstracts of evidence, or releases of property seized, or to do other acts as an employé for said Rindskopf or for Rindskopf Bros., and if you should find that any portion of the correspondence in evidence, between Crosby and Rindskopf, was subsequent to such abandonment, and that it related to such employment and business pertaining thereto, and that the defendants Goldberg and Jonas were not parties to and had no connection with such employment or arrangement between Crosby and Rindskopf; then that portion of such correspondence should not be considered by you as evidence against the defendants on trial.

Further, if you should find that there never was a conspiracy between the defendants to take and carry away with intent to steal or destroy the papers and records in question, but that the defendants Goldberg and Jonas understood that the acts to be accomplished by them and Crosby, were to procure abstracts of evidence in the supervisor's and collector's offices in a lawful way, and to furnish an attorney to defend the Milwaukee parties and to procure a release of goods seized by the government, or to procure a settlement or compromise with the government, and that Crosby, without the knowledge, direction or procurement of Goldberg or Jonas, said to the Milwaukee parties that he would or could get some one else to steal or destroy the papers or records, then, and in such case, the defendants Goldberg and Jonas should not be bound by such declarations of Crosby in that regard.

If, however, the alleged conspiracy be shown and the defendants' connection therewith be established, then each party is bound by the declarations of the other made while the conspiracy is pending or is being prosecuted.

I have said that to establish a conspiracy, or the connection of a party therewith, direct proof is not indispensable, and that it may be shown by circumstances. Where the prosecution in a criminal case rely upon circumstantial evidence, that is, upon proof of the facts or circumstances which are to be used as a means of arriving at the principal fact in question, it is a rule that these facts or circumstances must be proved in order to lay the basis for the presumption which is sought to be established. Each circumstance essential to the conclusion must be proved to the same extent as if the whole issue rested upon the proof of such essential circumstance. When the facts and circumstances depended upon to establish the principal fact are thus proved, the circumstantial evidence thus produced may generally be relied upon with safety in arriving at a conclusion as to the guilt or innocence of the person accused. The burden of proof throughout is upon the prosecution to prove the guilt of the defendants. To

what I have thus far stated it is proper to add, that in a case depending upon circumstantial evidence, the rule is that first "the hypothesis of delinquency or guilt of the offense charged in the indictment should flow naturally from the facts proved and be consistent with them all, and second, the evidence must be such as to exclude every reasonable hypothesis but that of his guilt of the offense imputed to him; or in other words, the facts proved must all be consistent with and point to guilt only, and must be inconsistent with innocence." People v. Bennett, 49 N. Y. 137.

Witnesses have been called in the course of the trial who testify to their own participation in fraudulent and criminal practices, and some of whom are under indictment for such practices in this court, and have pleaded guilty to the charges presented against them. There has been much criticism of their testimony, and considerable discussion of the question as to the weight to which their testimony is entitled. The court instructs you upon this subject, that it is the settled rule in this country that even accomplices in the commission of crime are competent witnesses, and that the government has the right to use them as witnesses. It is the duty of the court to admit their testimony, and that of the jury to consider it.

The testimony of accomplices is, however, always to be received with caution, and weighed and scrutinized with great care by the jury, who should not rely upon it unsupported, unless it produces in their minds the most positive conviction of its truth. It is just and proper in such cases for the jury to seek for corroborating facts and circumstances in material respects. But this is not absolutely essential, provided the testimony of such witness produces in the minds of the jury full and complete conviction of its truth.

You must be convinced beyond reasonable doubt that the defendants on trial have committed the offense or offenses charged, in order to convict them. Each and every fact necessary to constitute the offense, must be so proved—that is, beyond reasonable doubt. Until guilt is proven there is an absolute presumption of innocence. The law does not permit the defendants to testify, and this presumption of innocence stands in their favor, until by competent testimony it is overthrown and guilt established beyond reasonable doubt. It is the settled rule in criminal cases, that a conviction cannot be secured upon strong suspicion or probabilities of guilt, nor, as in civil cases, upon a mere preponderance of evidence, though the weight and character of the evidence are to be passed upon by you in determining whether the charge or charges are proven beyond reasonable doubt. By reasonable doubt is meant an actual, substantial doubt that arises and

rests in the mind as testimony is weighed and considered—that results after the exercise of judgment and reason when fairly and candidly applied to an investigation of the evidence.

If the evidence convinces you beyond reasonable doubt that the defendants on trial are, or that either of them is guilty as charged in the counts of this indictment, or either of them, then you should so find. If all the facts essential to constitute the offense or offenses charged are not established, and guilt is not proven beyond reasonable doubt, then the government cannot rightfully ask a conviction, and it would be your duty to acquit.

The indictment charges that the three defendants, Goldberg, Jonas and Crosby, conspired together to commit the offense named. If you find that a conspiracy was formed by any two of the defendants named in the indictment, but that one only of the defendants on trial was a party to that conspiracy, and that the other was not, you should acquit the defendant so found not to be a party to it, and should convict the other, if found guilty·

Verdict, not guilty.

See U. S. v. Nunnemacher [Case No. 15,902].